## EDMUND B. KENT, Admr.

*v.*

## J. V. MASON, Exr.

1. HEARSAY—*evidence as to statements of one not a party, and not made in the presence of a party.* In a suit brought by the administrator of an estate against the executor of another estate upon a promissory note

given by the testator, in his lifetime, to the intestate, in his lifetime, it appeared that the note was secured by deed of trust on land of the testator, and that he was considerably in debt, and his land incumbered with other liens, the most of which were owned by a third party, and it was claimed that the note sued on had become the property of such third party, and was paid by said testator in a settlement made by him, shortly before his death, with such third party, and testimony was introduced which tended to show that said third party had control of the note: *Held*, that evidence of what such third party may have said in a conversation when the intestate was not present, was hearsay only, and should have been excluded from the jury.

2. WITNESS—*in suit against executor on obligation of testator.* A daughter, who has been provided for in her father's will so as to have no interest in the result of a suit against the executor of her father's estate upon a note made by him in his lifetime, is a competent witness in such suit, as is her husband.

3. PRACTICE—*party holding the affirmative entitled to open and close.* Where the issue in a suit upon a promissory note is payment, the plea of payment admits the execution of the note, and the affirmative is with the defendant to prove the payment, consequently he has the right to open and close to the jury.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. H. BIGELOW, for the appellant.

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

These proceedings originated in the court of probate of Warren county, in which court, at the May term, 1872, Edmund R. Kent, as administrator on the estate of Sylvester S. Gould, deceased, commenced an action against J. V. Mason, as executor of Jeremiah Mason, deceased, to recover the amount of two several promissory notes executed by Mason, in his lifetime, to Gould, in his lifetime, one for twelve hundred dollars, dated January 9, 1860, due two years after date, with ten per cent interest, on which was indorsed a payment of two hundred dollars, as having been made January 9, 1861.    The

other note bore date May 24, 1860, payable one year after date, and for the sum of four hundred dollars, with ten per cent interest.

The cause was continued from term to term, until December term, 1874, at which term there was a trial, and judgment in favor of Gould's administrator, for the sum of three thousand six hundred and fifty-one dollars and eighty-three cents.

An appeal was taken from this judgment by the executor of Mason to the circuit court, where the cause was tried *de novo* at the July term, 1875, and judgment rendered in favor of the executor.

To reverse this judgment, Gould's administrator appeals, and assigns as error, giving improper instructions for defendant, and refusing proper instructions and modifying those asked by the plaintiff, and admitting improper testimony on behalf of the defendant, and excluding proper testimony offered by the plaintiff.

It appears the note first above described was secured by a deed of trust from Mason to Zeno E. Spring, as trustee, on the south-east quarter of section 17, in township 10 north, range 4 east of the fourth principal meridian. The other note for four hundred dollars was not secured.

It further appears there were prior incumbrances to a large amount on the tract conveyed in trust to Spring, and that Mason's real estate was much incumbered by mortgages and deeds of trust, several of which became the property or under the control of Quincy A. Drum. It was claimed these notes to Gould became the property of Drum, and were settled and paid by Mason to Drum in a settlement had by them shortly before their death.

The testimony of young Hamilton was offered to show that Drum had control of these notes, and it tended in that direction.

Further to sustain the issue on the part of the defendant, the testimony of W. H. Kellogg was heard, against the objec-

tions of appellant, which detailed a conversation he had with Drum, at which Gould was not present, as to the time and manner he, Drum, purchased these notes of Gould.

It is upon this point, chiefly, our judgment rests. It seems to us very clear this testimony of Kellogg was hearsay only, and should have been excluded. It is not competent for a party to make testimony for himself. and claim its benefit, in an issue on trial. What Drum may have told Kellogg, in the absence of Gould, can not be used as testimony against Gould. This testimony, there is no doubt, contributed, in a very great degree, to the verdict, as the testimony of young Hamilton, taken in connection with that of his father, was far from convincing or satisfactory, when considered with the facts proved by appellant. To those facts we shall not advert, as the cause will go to another jury, who will give them due consideration.

As to the instructions, we are of opinion the seventh and ninth asked by appellant should have been given. We see no particular objection to the ruling of the court upon the other instructions.

Appellant claims that Jeremiah Laylor, a witness on behalf of appellee, was not competent, he being the husband of a ·daughter of the deceased Mason. It does not appear Mrs. Laylor had any interest in this controversy, she having been provided for by the will of her father, and was herself a competent witness.

Upon the remaining point, that the plaintiff was denied the conclusion to the jury, it is sufficient to say, it has been repeatedly held by this court that the party holding the affirmative of the issue has the right to open and conclude to the jury. Here the issue was, payment of the notes, and, under it, the plaintiff was not required to prove anything. The plea of payment admitted the execution of the notes, and the *onus* was on the defendant, consequently the defendant had the right to open and conclude.

For the reasons given, the judgment is reversed and the cause remanded, that a new trial may be had.

*Judgment reversed.*