## EDMUND B. KENT, Adm'r, etc.

### v.

## JEREMIAH V. MASON, Ex'r, etc.

1. EVIDENCE—PROOF OF CONDUCT IN TRANSACTIONS WITH OTHER PARTIES.—The fact that a person on one or more occasions receives payment of a debt without surrendering the evidence of indebtedness, satisfactory reasons for not doing so being given at the time, is not admissible as tending to show that any other notes still remaining in his possession have been paid or discharged by the maker. Such a rule would preclude a person from deviating from the usual course of business, no matter under what circumstances, lest it should be construed into proof that he had done or intended so to act with all others.

2. PRACTICE—OBJECTIONS TO MATTER OF SUBSTANCE IN DEPOSITIONS—WHEN TO BE MADE.—Objections to interrogatories and answers in depositions should be made and disposed of before the commencement of the trial.

3. REFERENCE TO MEMORANDUM.—A witness may refer to a memorandum made by himself, to refresh his memory, but the memorandum itself is not admissible in evidence, except in cases where the witness at the time of testifying, has no recollection of what took place further than that he accurately reduced the whole transaction to writing.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. H. BIGELOW, for appellant; against the admission of testimony of the manner of dealing with other parties as tending to show that the notes in question had been paid but not surrendered, cited Kent, adm'r, v. Mason, ex'r, 79 Ill. 540.

That it is the right of a party to have incompetent testimony excluded on his objection, whenever offered: C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501.

That testimony that Gould "was a close, hard collector," should have been excluded; it tended to excite the prejudice of the jury and did not tend to prove the fact of payment: Anderson v. Rome, & Watertown R. R. Co. N. Y. 334.

Upon the question of objection to interrogatories because leading: 1 Greenl'f Ev. § 434.

As to the right of the husband of one of the heirs of the deceased to testify for the estate: Cutright et al. v. Stanford, et al. 81 Ill. 240.

That where there is a total lack of evidence upon any material point in the case it is the duty of the Court to so instruct the jury if asked: Stowell v. Beagle, 79 Ill. 525.

The fact that the notes were never assigned and were in possession of the deceased during his life-time and found among his papers at his death is strong evidence that they were his property: Thompson v. Hoagland et al. 65 Ill. 310.

Messrs. Stewart & Phelps, for appellee; argued that possession of the notes is only *prima facie* evidence of ownership, and cited Story on Promissory Notes, § 381.

That the husband of an heir to an estate may testify on behalf of the estate: Kent, adm'r, v. Mason ex'r, 79 Ill. 540.

It is for the jury to decide what the evidence proves, and instructions which endeavor to usurp their province, are erroneous: Frasure v. Zimmerly, 25 Ill. 202; Winne v. Hammond, 37 Ill. 99; Dart et al. v. Horn, 20 Ill. 212; Duffield v. Delancey, 36 Ill. 258.

That the instructions asked for by appellant could not have failed to mislead the jury and were properly refused: Hosley v. Brooks et al. 20 Ill. 116; Harris et al. v. Miner, 28 Ill. 136; Baxter v. The People, 3 Gilm. 368; Stout v. McAdams, 2 Scam. 67; Denman v. Bloomer, 11 Ill. 177; C. B. & Q. R. R. Co. v. George, 19 Ill. 510; Pfund v. Zimmerman, 29 Ill. 269.

Where the evidence is conflicting, the verdict will not be set aside: Morgan v. Ryerson, 20 Ill. 343; Milliken v. Taylor, 53 Ill. 509; Chicago v. Garrison, 52 Ill. 516; Voltz v. Stephani, 46 Ill. 54; Bagely v. McClure, 46 Ill. 381; Baker v. Robinson, 49 Ill. 299; Chicago v. Smith, 48 Ill. 107; Crain v. Wright, 46 Ill. 107; McCarthy v. Mooney, 49 Ill. 247; Keith v. Fink, 47 Ill. 272; Hope Ins. Co. v. Lonergan, 48 Ill. 49.

Where substantial justice has been done, a judgment will not be reversed merely because proper instructions were refused: Schwarz v. Schwarz, 26 Ill. 81; Hall v. Groufe, 52 Ill. 421.

Where a case has been twice tried with the same result, and it is apparent that a re-trial will not change the result, the judgment will not be reversed, although there was error in some of the instructions or evidence: Pahlman v. King, 49

Ill. 266; Rankin v. Saylor, 49 Ill. 451; Watson v. Woolverton, 41 Ill. 241; Potter v. Potter, 41 Ill. 80; Coursen v. Ely, 37 Ill. 338; Root v. Curtis, 38 Ill. 192.

Where substantial justice appears to have been done, the judgment will not be disturbed, even if the jury have found against the weight of evidence: Leigh v. Hodges, 3 Scam. 15; Gillett v. Sweat, 1 Gilm. 475; Elam v. Badger, 23 Ill. 498; Dishon v. Schorr, 19 Ill. 59; Schultz v. Lepage, 21 Ill. 160; Boynton v. Phelps, 52 Ill. 210.

SIBLEY, J.  This was an action commenced in the Probate Court of Warren county, in May 1872, to recover upon two promissory notes executed by Jeremiah Mason, in his lifetime, to Sylvester S. Gould, deceased.  One for the sum of $1,200, dated Jan'y 9, 1860, payable in two years after date, and the other for $400, dated May 24, 1860, due in one year from the date of it.

The cause was tried in the Probate Court December, 1874, where a verdict was rendered in favor of the plaintiff for the amount due on the notes.  An appeal was taken from the judgment rendered upon the verdict to the Circuit Court of Warren county, and a trial was there had before a jury which resulted in a verdict for the defendant in that court.  The case was appealed to the Supreme Court, where that judgment was reversed, and the couse was remanded, and again in September, 1877, tried in the Circuit Court with the same result.  To reverse this judgment, Gould's Administrator has appealed to this court, and assigned several errors for setting aside the verdict of the jury, and the judgment of the Circuit Court.

Mason in his lifetime executed a deed of trust on the S. E. qr. of Sec. 17, T. 10, N. R. 4 E., to Zeno E. Spring, as trustee, to secure the payment of the $1,200 note.  The $400 note was given without any security.  At the time of the execution of the deed of trust to Spring the land described in it was incumbered by judgments and other liens, among which was a deed of trust dated May 26, 1859, executed by Mason to Jacob D. Hand, as trustee, to secure the payment of a note to William H. Kellogg for $1,437.  Another executed by Mason to Hand,

as trustee, to secure a note payable to Sylvester Reed for $732.-65, dated Feb. 19, 1859.   These deeds of trust covered also the southwest qr. of Sec. 2, T. 9 N. and R. 4 E. in Knox county, on which tract there were other incumbrances.   The trustee in the last two deeds of trust, after the notes which they were given to secure became due, sold the lands described in them—the southwest qr. of Sec. 2, except 34 acres,—to Quincy H. Drum for the sum of $2,000, and the southeast qr. of Sec. 17 to Leander Douglas (the attorney of Mason), for $925.   On a settlement afterward made between Drum, Douglas and Mason, and Mason and wife, in respect to homestead exemption and dower of Mrs. Mason, several conveyances were interchanged to and by each of the parties engaged in the arrangement.

The defense set up, was that the notes sued on were either owned by Drum or that he was acting as the agent of Gould, and that they were taken into account and paid to Drum in the settlement and exchange of deeds by him, Douglas and Mason and wife.

The notes were never indorsed, but remained in Gould's possession and were found after his death, which occurred in 1870, in a desk together with. the deed of trust to Spring, (which had not been released) among his other papers.

For the purpose of showing that these notes had been paid and not surrendered by Gould to Mason, the Court permitted the appellee (against the objection of appellant) to read to the jury in the deposition of Wm. H. Kellogg that a certificate of deposit or receipt given by him to Gould for $1,200, in the fall of 1870 was soon after that paid by him to Gould, without the latter surrendering up to the former the certificate of deposit or receipt at the time of payment, and the reason assigned was that Gould said "his woman had got hold of some of his papers and notes and had left; that he could not find the receipt; also that the witness paid a note of his for two or three hundred dollars to Gould, that could not be found.   On the first trial in the Circuit Court, the appellant asked the Court, to instruct the jury as follows:

9.   " The fact, if proven, that the witness Kellogg was indebted to Gould upon a receipt or certificate of deposit for

money loaned, and that Kellogg paid the same to Gould, and that Gould did not deliver it up to Kellogg, furnishes no evidence whatever that the notes, or either of them, in this case were paid; and further, it is not evidence of, and should not be considered by the jury as tending to prove or establish any reason whatever why the note secured by the trust deed to Spring was not surrendered or delivered up if the same was paid," which the Court refused to do. When the case went to the Supreme Court, this refusal was assigned for error, and that Court, in passing upon the subject, says: "As to the instructions, we are of opinion that the seventh and ninth asked by the appellant should have been given." 79 Ill. 540.

Why the Circuit Court admitted this evidence after the Supreme Court had really decided the question of its relevancy, may be a matter of conjecture. We think that the opinion expressed by the Supreme Court is more in harmony with the law of evidence than the ruling of the Circuit Judge.

Is the fact that a person, on one or even more occasions, receives payment of a debt without surrendering the evidence of indebtedness upon satisfactory reasons given at the time for not so doing, to be converted into a circumstance tending to show that any other notes still remaining in his possession, have been paid, or discharged by the maker of them? Clearly not; for in that case a man would be precluded from deviating in any transaction with one person, out of the usual course of business, no matter what the circumstances were, lest it should be construed into proof that he had done, or intended so to act with all others.

Complaint is made because the Court allowed the appellee to read to the jury interrogatory 14 and answer, in the deposition of the witness Leander Douglas.

The interrogatory to the witness inquiring : "Whether the parting of Mason with the 240 acres of land did or did not free him from the indebtedness with which the land was incumbered." Besides being leading, it was faulty in asking the witness to state his conclusions from certain transactions between him, Drum and the Masons, instead of relating the facts that took place and allowing the jury to draw their own conclusions.

Kent v. Mason.

But this, like many other of the interrogatories and answers objected to, should have been made and disposed of before the commencement of the trial, in order to have made the exception available. Such objections as can be cured by retaking the deposition of the witness, should be pointed out and excepted to on a motion to suppress, before the trial is commenced, which does not appear to have been done in this case. Corgan et al. v. Anderson, 30 Ill. 95; Cook v. Orne, 37 Ib. 186.

The admission of the pass-book of the witness Saylor to the jury was irregular. He had testified that from memory he recollected the conversation between him and the witness Cover, independent of the memorandum, made in his pass-book and read over to Cover. Saylor, at the request of Mason's representatives, went to Cover, who was engaged as sheriff in the matter of setting off the homestead to the Masons, for the purpose of gathering up all the statements he could in relation to the settlement of these notes, and furnishing whatever evidence he was able, to aid the Masons in their defense to this action. Cover having no interest in the result, stated on the trial that he knew nothing about the settlement of the notes in controversy by Drum. Saylor's memorandum was introduced to impeach the witness Cover, by showing that at one time he had made a different statement to Saylor.

That a witness may refer to a memorandum made by him to refresh his recollection is a familiar principle. But the memorandum itself is not admissible in evidence, except in cases where the witness, at the time of testifying, has no recollection of what took place further than that he accurately reduced the whole transaction to writing. 1 Greenl'f on Ev. 437.

We also think that the witness, Spring, should have been permitted to answer the question as to what reply Drum made when Gould presented these notes to him for payment. The defense set up was, that the notes had been paid or settled for by Drum either as the agent of Gould or as the owner of them at the time the interchange of deeds took place between him, Douglas and the Masons, in 1862. About 1864, or soon after Mason got his 80 acres back, under the arrangement spoken of by the witnesses. Spring testified that he went with Gould

who presented the notes in controversy to Drum and demanded payment of them, which was refused. Gould had them and continued to retain the possession of the notes, and when he presented them to Drum, demanding their payment, what was then said and done by the parties should have been admitted as a part of the *res gestae*.

For the reasons given, the judgment will be reversed and the cause remanded.

Judgment reversed.