*Christison & Wright,* for appellant.
*A. H. DeFrance,* for appellee.

## NUTTER *et al. v.* O'DONNELL *et al.*

*(Supreme Court of Colorado, December Term, 1882—Error to the Ouray District Court.)*

1. PRACTICE IN SUPREME COURT—REVIEW UPON BILL OF EXCEPTIONS NOT CONTAINING ALL THE EVIDENCE. While it is the general rule the Supreme Court will not interfere with a finding or verdict, on the ground that it is not justified by the evidence, unless the bill of exceptions purports to contain all the evidence heard, yet there are exceptions to the rule. When the bill of exceptions shows what particular evidence is omitted, and it is manifest that such omitted evidence could not affect the question involved, the reason for the rule ceases, and the rule no longer applies. In such case the finding may be reversed.

2. EVIDENCE—WHAT PROPER IN REBUTTAL. It is not proper to allow evidence in rebuttal, to show that a witness for the defense has made statements outside of Court different from his testimony, without having first called the attention of such witness to the time and place of such alleged contrary statements.

BECK, J.   We are satisfied that important errors were committed in the trial of this case, and that the decree entered cannot be sustained on the present record.   But it is suggested, in behalf of the defendants in error, who were plaintiffs below, that we cannot review the decree upon the evidence, because the bill of exceptions does not contain all the evidence; and that we are prevented by our own rules from considering the errors assigned in respect to the ruling of the Court in the admission and rejection of testimony, for the reason, that the errors complained of are not particularly specified as the rules require.

The averments of the complaint, as we understand them, are to the effect, that a company was formed composed of the plaintiffs and certain of the defendants, for the purpose of prospecting for mineral-bearing veins upon the public lands of the United States, all members to bear a just proportion of the expenses incurred in discovering and locating mines, and all save one of the plaintiffs and two of the defendants to share equal undivided interests in the claims located, the three members named to have each two interests therein.   That, while the agreement was in force, two valuable lodes were discovered, the Alma Mater No. 1 and the Alma Mater No. 2, which lodes, by virtue of the agreement, became the property of the company; but that the defendants located them in their names alone, and have ever since excluded the plaintiffs therefrom, and assert that the plaintiffs have no rights or interests whatever therein.

This suit was brought to enforce a specific performance of the agreement, and to compel the defendants to execute conveyances to the plaintiffs of their respective interests under the agreement.

In respect to the first objection, viz.: that we cannot review the decree upon the evidence, because the record does not contain all the evidence, we remark—

*First*—That the only omission from the record is that of maps and plats, as appears from the following statement in the bill of exceptions:   "The above and foregoing was all the evidence introduced on the trial of said cause, except the plats and maps used by the plaintiffs and defendants, and referred to by the witnesses in their testimony."

It has been held by this and other Courts, that the verdict of a jury or the judgment of a Court will not be disturbed upon the ground alone that such verdict or judgment is not supported by the evidence, where the bill of exceptions does not purport to contain all the evidence. The reason of the rule is, that there may have been other evidence introduced upon the precise points claimed to be unsupported, of such character and weight, as to entirely obviate the objections, and to influence the Court or jury in their action.

But when the reason of a rule ceases, the rule itself generally ceases. Nearly all rules have their exceptions. So has this one. If the record shows specifically what is omitted therefrom, and a question is presented by the assignment of errors which does not involve a consideration of the omitted evidence, the question may be reviewed. We know of no Court that has so frequently held that it will not review a judgment upon the evidence where the bill of exceptions does not purport to contain all the evidence, as the Supreme Court of Illinois. And yet such was the condition of the record in the case of *Howell* v. *Goodrich*, 69 Ill., 559, where the judgment was reviewed upon the evidence, and reversed. While the bill of exceptions in that case did not purport to contain all the evidence, it did purport to contain all that the Court considered essential upon the point on which it based its decision.

*Second*—In this case, the objections, at least to the decree, apparent on the face of the record, are of such a nature, that we feel warranted in saying, they could not have been aided by the introduction of maps and plats. We are aware that questions often do arise in appellate proceedings, wherein the maps and plats used upon the trial became important evidence—such, for example, as questions concerning boundary or division lines; the intersection of mineral claims and lodes; the course of a meandering stream through a certain tract of land, etc.

This is not a case where we are left in ignorance as to what evidence is omitted; and, as we do not deem the inspection of the maps and plats omitted necessary to the consideration of the objections above referred to, we will proceed to examine the same.

The first is, the failure of the Court to take, or order to be taken, an account of the money and labor expended upon the claims which constitute the subject matter of the controversy.

The testimony shows that considerable expense was incurred in the sinking of shafts upon their claims, and in projecting the locations thereof, nearly the whole of which was borne by the defendants, and that the defendants have never been reimbursed. Yet, notwithstanding the agreement as to the expenditures, and the following offer made in the complaint: "That the plaintiffs have been, and are, willing in all things to comply with their agreement, and to pay their just proportion of proper expenses incurred since the discovery of the lodes," no account of their expenditures was taken, or ordered; the plaintiffs were not required by the decree to reimburse to the defendants any portion of the moneys expended by them; but the defendants were ordered by the decree to convey to the plaintiffs the several interests claimed under the contract.

That the decree is inequitable in this respect requires the citation of no authorities.

But it is suggested that if this view be taken it is unnecessary to reverse the decree, since this Court may now reform it, and order an account to be taken.

If the decree were in other respects unobjectionable, perhaps this suggestion might be adopted. But there is another objection of so serious a character, we think, as to make a new trial necessary.

Previous to the formation of this prospecting company, four mineral claims had been taken up by and in the names of the defendants, which they named respectively "Cleveland," "8th Ohio," "Bertha," and "A. T. Stewart."

The defendants, Rawles and Crain, were interested in these claims, their names being placed upon the claim stakes at the time of location. Now, while there is a conflict of testimony as to whether those of the defendants who became members of the company reserved the ground already claimed by them from the prospecting agreement, the fact is undisputed that the defendants Rawles and Crain never entered into any agreement respecting it with the plaintiffs, and did not at any time become members of the company which was afterwards formed.

Previous to the formation of the company, they, with others whó are now plaintiffs, as well as defendants, attended meetings held for the purpose of forming a company, and objected publicly to the formation of any association with the plaintiffs which would permit prospecting in behalf of the company upon the ground already staked and claimed by the defendants. Nothing was accomplished at these meetings, owing to the reservations which were insisted upon. The company was formed afterwards, and the claims in controversy were located within the limits of the former claims, but they were located by and in the names of the defendants only, the rights of the plaintiffs therein being, at the time of location and ever since, denied by most if not all the defendants, including Rawles and Crain. There can be no pretense then, that the plaintiffs have not had notice of the rights claimed by the defendants Rawles and Crain, both before and since the formation of the company. Whatever equities, therefore, may exist in the plaintiffs' favor against the other defendants touching the premises in question, it is not perceived how equities of the same nature and degree at least can exist in their favor against men who are strangers to the agreement, and who do not appear to have ever conceded any of the rights claimed by the plaintiffs.

The principal argument in support of this feature of the decree is, that the Court was warranted by the testimony in finding that the contract contained no reservation of the premises in controversy, and that Rawles and Crain were privies or volunteers, and must share the fate of their associates.

We regard this position as untenable. Rawles and Crain are not shown to have been either privies or volunteers under the agreement, or in any of the company transactions. Nor is it made to appear that either of them has, in any manner, waived, abandoned or neglected any of their rights in this property. The record shows that Rawles has contributed much more money for the improvement of the claims than any other claimant.

There is a marked failure of proof to establish a privity or mutuality of contract, or any admission or conduct on the

34

part of Rawles and Crain which would cast on them the *status* and liability of a mutual relationship with the plaintiffs as to this property.

Persons seeking the equitable interposition of Courts must themselves do equity. And when they seek to deprive other persons of interests in lands, they are always required to establish their right to the relief sought by clear proof. *Carner* v. *Lasater & Gregory*, 36 Ill., 194; *Fleischman* v. *Moore*, 79 Ill., 540.

The decree, therefore, is clearly inequitable, as the case now stands, in requiring Rawles and Crain to relinquish to the plaintiffs a like proportion of their interests in the property, as the other defendants, who are members of the company, are required to do.

We express no opinion as to whether it could be sustained on the other assignments. But since the case must be returned for a new trial, we will state our views upon some of the rulings in relation to the admission and rejection of testimony.

Counsel complain that injustice was done the defendants by allowing plaintiffs to ·introduce original testimony in rebuttal after defendant's evidence was closed, and in denying defendants an opportunity to refute the same by counter evidence.

The rule is, as stated by defendants' counsel, that in rebuttal the parties should be confined to such evidence as directly answers or replies to that produced by the opposite party. But the conduct of a trial which includes the order of introducing the evidence rests largely in the discretion of the Court, and where discretionary power is conferred, it is only when the power is grossly abused by the palpable violation of established rules and principles, amounting to a denial of justice, that it becomes a proper subject of review. Powell on Appellate Proceedings, pp. 402–3; 1 Greenleaf on Ev., Sec. 431; *Smith* v. *Billet*, 15 Cal., 26.

In the present instance, if the Court had denied defendants the privilege of introducing competent evidence to prove that the plaintiffs had testified falsely as to the alleged admissions of Thomas W. Hammun, who was foreman of the company; or that they were mistaken as to such admissions; or gave but

a portion of his statements on the subject of the reservations, the ruling would have been a proper subject of review.

The defendant Hammun was not present at the trial; his attention, therefore, had not been called to his alleged admissions, and being given in rebuttal they could not have been anticipated by the defendants.

The defendants were entitled to present to the Court proper evidence to rebut this and any other direct or original testimony given by the plaintiffs in their rebuttal. *Wade* v. *Thayer*, 40 Cal., 583.

But no such ruling as is complained of was made on the trial. At the conclusion of plaintiffs' rebutting testimony, defendants' counsel made the following offer, which appears to have been the only rebutting testimony offered by them:

" We ask leave to introduce testimony for the purpose of showing that Mr. Hammun has made statements to the effect that there was a reservation in this agreement over there."

The offer as made is not confined to nor does it even refer to the same conversations mentioned by the plaintiffs' witnesses. For this reason it was properly denied. An admission made at one time cannot be rebutted by a declaration made at another time. Admissions and confessions are evidence against a party, but he cannot annul or explain them away by counter declarations. 1 Phil. Ev. with Cowen & Hill's notes, *406–7; *Patten et al.* v. *Goldsborough*, 9 Serg. & Rawle, 55; *Murray* v. *Coster*, 4 Cow., 630.

We will next very briefly consider the ruling relating to the contradiction of witnesses. We do not understand that it is ever proper to permit a plaintiff on rebuttal to prove that defendant's witnesses have made statements previous to the trial at variance with their testimony on the witness stand, without first having called their attention to the contradictory statements, giving time and place, when and where made, in order to afford the witnesses an opportunity to deny or explain the same, giving the particulars of the conversations and the circumstances under which the real statements were made. Such a practice would be unfair to the witnesses.

The rule is the same, whether the witnesses sought to be contradicted are parties to the suit, or third persons. Nor can

it be avoided by declaring that it is not intended to impeach the witnesses. The design is, first, to contradict the witnesses by showing that they have made different statements concerning the same subject matters, and the effect and ulterior design is to impeach their credibility before the Court or jury. 2 Phil. Ev. with Cowen & Hill's notes, *958, 959; 2 Best Ev., Sec. 644; *Craig et al.* v. *Rohrer*, 63 Ill., 326; *N. W. R. R. Co.* v. *Hack*, 66 Ill., 242, 244.

The decree is reversed and cause remanded for further proceedings.

*Decree reversed.*

*Markham, Patterson & Thomas,* for plaintiffs in error.
*Thomas George,* for defendants in error.