## CRAVENS v. BENNETT.

1. PARTY AS A WITNESS—CROSS-EXAMINATION.—A defendant testifying as a witness in his own behalf is subject to cross-examination as to previous declarations contrary to his testimony as given, the same as any other witness; and this, notwithstanding his supposed declarations might have been shown as a part of the plaintiff's case in chief.

2. OBJECTION TO EVIDENCE—EFFECT OF IT.—When an objection to material evidence is improperly sustained, and the result of the trial is adverse to the party against whom the ruling is made, the ruling may be made the ground for a new trial, unless there is something in the record showing that the sustaining of the objection to the question was a harmless error.

*Error to District Court of Garfield County.*

ACTION of unlawful detainer. Cravens was plaintiff below. The judgment was in favor of the defendant Bennett. The plaintiff brings the case to this court by writ of error.

Mr. J. W. TAYLOR, for plaintiff in error.

Messrs. BALLARD & HODGES and Mr. M. J. BARTLEY, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The plaintiff below in his complaint having pleaded actual and peaceable possession of the premises in himself, alleged that defendant by plaintiff's permission had entered upon said premises to occupy the same temporarily as a ten-

ant or licensee of plaintiff, agreeing to move off whenever requested so to do by plaintiff; and further that defendant though duly notified to vacate and deliver possession of said premises, had refused so to do.

The defendant by his answer admitted his entry upon a portion of the premises described in the complaint, but denied that he entered as the tenant or licensee of plaintiff. On the contrary, he claimed the right to occupy and hold the same through and by another source of title.

The defendant being upon the stand as a witness in his own behalf, gave testimony tending to show his right to the premises in support of his answer. On cross-examination defendant was interrogated by plaintiff's counsel as follows:

" Didn't you state to H. R. Kamm, in his store in this city, during the month of January, 1885, that Cravens was making a bluff and trying to drive you off that land, and that you didn't claim that ground and didn't intend to, but you didn't intend to be driven off of it by Cravens; that all you wanted was the place where your mill stood and you were not ready to move from there yet and he couldn't make you, or words to that effect?"

To this question a general objection was interposed and sustained. Though the witness was a party to the record, so that the declarations supposed by the question, might have been shown as a part of the plaintiff's case in chief, nevertheless, the question was proper both in form and substance; it was in substantial conformity with the strictest rules of evidence; it pertained to matters material to the issue and was germane to the cross-examination. Certainly, there is nothing in the record to show that the question was obnoxious to a mere general objection; nor can we from anything in the record say that the sustaining of the objection to the question was harmless error. *Nutter v. O'Donnell*, 6 Colo. 260; *Ward v. Wilms*, 16 Colo. 86, and cases there cited.

The remaining assignments of error need not be considered. It appears from the record that the premises in controversy were, at and before the commencement of this suit, a portion

of the public agricultural domain of the United States. It was conceded on the argument that proceedings had been instituted in the U. S. Land Department resulting in a decision as to the question of title between the parties to this action. Hence, it would seem that further litigation under the issue in this case is no longer necessary. The judgment of the district court is reversed and the cause remanded.

*Reversed.*