ROSE, APPELLANT, v. OTIS, APPELLEE.

1. MARRIED WOMEN.

In an action on contract against a married woman, in this state, a plea of coverture, without more, is not sufficient in law as a defense.

2. CONTRADICTORY STATEMENTS—IMPEACHING TESTIMONY.

Where there is evidence to the effect that a witness has made any statement, oral or written, out of court concerning any substantial matter in controversy materially different and variant from what he has stated on the witness stand, such evidence tends to impeach either the recollection or the truthfulness of the witness, and the jury should, upon proper request, be instructed to consider the same in determining what weight should be given to his testimony.

In order to introduce testimony showing that a witness, not a party, has made statements contradictory of his testimony, it is necessary first to examine the witness in regard to such statements; but when the witness is also a party, such statements are competent as substantive evidence as well as impeaching testimony, and such prior examination is not necessary, when, according to the regular order of trial, such party is afforded full opportunity of testifying in regard to such statements.

3. INSTRUCTION TO BE GIVEN, WHEN.

Where an instruction prayed states the law applicable to the matters in controversy with substantial accuracy, it should be given unless the same has been given in substance, or unless the pleadings or proofs are such that the refusal cannot properly make any difference in the result of the trial.

4. ABSENCE OF JUDGE DURING ARGUMENT TO JURY.

While no invariable rule is announced respecting absences of the trial judge during the argument of a cause to the jury, the consequences resulting from such absence may be such as to necessitate the granting of a new trial.

*Appeal from the District Court of Arapahoe County.*

ACTION to recover compensation for work and labor.

Otis, the plaintiff below, brought this action originally against James Rose and Elizabeth Rose, husband and wife, as joint defendants, to recover for work and labor performed by him as a gardener and general laborer for the defendants and at their request. The complaint was based upon a *quan-*

*tum meruit* for such services from December 1, 1882, to June 1, 1887,—four and a half years.

By an amended complaint, James Rose was dismissed as a party defendant, and the action was continued against Elizabeth Rose as sole defendant.

The answer to the amended complaint was, first, a general denial; and, second, a special plea of coverture. The trial resulted in a verdict and judgment for plaintiff. The defendant brings this appeal.

Mr. J. H. Brown, Mr. A. B. Seaman, and Mr. C. M. Bice, for appellant.

Mr. O. E. Jackson and Mr. G. F. Dunklee, for appellee.

Mr. Justice Elliott delivered the opinion of the court.

1. The second defense of the answer was not sufficient in law. It was to the effect that at all the times in the amended complaint mentioned, the defendant Elizabeth was, and still is, the wife of James Rose, and at all times aforesaid resided and still resides with her said husband in the county of Arapahoe aforesaid. The matters so pleaded constituted no bar to the plaintiff's cause of action. Notwithstanding her coverture, the defendant, Mrs. Rose, was competent to employ plaintiff as charged in the complaint. A married woman may, in this state, enter into any contract, express or implied, the same as if she were sole; she may, in like manner, be held liable thereon; and, in civil actions, she may sue and be sued in all matters the same as if she were sole. Session Laws, 1874, p. 185, Mills' An. Stats., sec. 3021; Code, sec. 6; *Wells v. Caywood*, 3 Colo. 487; *Coon v. Rigden*, 4 Colo. 275; *Colo. Cent. R. R. Co. v. Allen*, 13 Colo. 229, and authorities there cited.

The issues in this action as tried were quite simple: Was plaintiff employed by the defendant Mrs. Rose, or by her

authority, express or implied ?   And if he was so employed, what were his services reasonably worth?

Plaintiff's testimony was, in substance, that Mrs. Rose requested him to work for her as a gardener and general laborer on her garden or ranch near the city of Denver ; that she offered him $25 per month the year round ; that when he objected that this was not enough, she said that he should go to work for her and that she would pay him as good wages as he could get anywhere else at gardening ; and that he went to work and so continued during the whole period according to this arrangement.

Mrs. Rose's defense was, that she did not employ plaintiff at all, at any price.   It was admitted that Otis lived at the home of Mr. and Mrs. Rose for four and a half years, and that he worked as a gardener and general laborer on the place during that time except about 90 days.   But in behalf of Mrs. Rose it was contended that Otis was employed by Mr. Rose, and that in employing Otis, Mr. Rose acted in his own behalf and not as her agent.   The testimony in behalf of defendant was to the effect that Mr. Rose employed Otis, agreeing to give him two dollars a day for all the time he (Otis) should assist him (Rose) in cement work ; and that the residue of the time he (Otis) was to work at gardening and other general work for his board and lodging.   It appeared that Otis worked 89 days at cement work during the entire four and a half years ; and that he received in all for his services $229 in addition to his board and lodging.

The testimony at the trial was very conflicting.   Certain witnesses contradicted each other in the most direct and positive terms.   The legal questions arising during the introduction of the evidence were of the ordinary kind, and the assignments of error thereon require no discussion.   The important questions raised at the trial were questions of fact for the jury ; and if the case had been properly submitted to the jury, there probably would have been very little for an appellate court to review.

The charge of the trial court, so far as it went, was fair

toward all parties ; it was, also, free from error, except in-
struction number 7, which allowed a recovery for the full
value of plaintiff's services without giving credit for pay-
ments received, but this error was cured by voluntary re-
mittance of the amount of such payments from the verdict
before judgment.

2. Counsel for defendant requested the court to charge
the jury to the effect that if they believed from the evidence,
the plaintiff Otis before testifying in the case had made any
statement, oral or written, out of court concerning any of
the substantial matters in controversy materially different
and variant from what he stated on the witness stand, that
such evidence tended to impeach either the recollection or
the truthfulness of plaintiff, and that the jury should con-
sider the same in determining the weight which ought to be
given to plaintiff's testimony.

This instruction stated the law applicable to matters in
controversy with substantial accuracy. Testimony had been
received tending to show that plaintiff had made statements
out of court more or less variant from his testimony con-
cerning substantial matters in issue on the trial. It was the
right of defendant to have the instruction given in substance
as requested, inasmuch as no similar instruction was em-
braced in the charge of the court.

3. It is true, the instruction, if given, *might not* have caused
a different verdict. But that of itself is no reason why the
instruction, if correct, should not have been given in sub-
stance. To warrant the refusal of a pertinent instruction,
substantially correct, it must appear, either that the same has
been given in substance, or else, that the pleadings or proofs
are such that the refusal *cannot* make any difference in the
result of the trial.

It is true, also, that a certain witness, called to contradict
plaintiff, was himself declared by several witnesses to be a
man whose general reputation for truth and veracity was
bad. Nevertheless, the instruction, or one in substance like
it, should have been given; then all the contradictory and

impeaching testimony would have been proper matter for argument by counsel to the jury; and, then, plaintiff could not complain that she did not have the law declared in her favor upon a material question in controversy.

Otis being both witness and party, any statements he may have made out of court contradictory of his own material testimony, were competent as impeaching as well as substantive evidence against him; and it was not necessary that he should have been first examined as to such statements, since in rebuttal, according to the regular order of trial, he was afforded full opportunity of testifying in regard to them. The testimony upon both sides as to the alleged contradictory statements having been introduced, a proper request to charge the jury in respect thereto should not have been refused. 1 Wharton's Ev., secs. 461, 484, 551; *Craig v. Rohrer*, 63 Ills. 325; *Collins v. Mack*, 31 Ark. 634, 694; *Nutter v. O'Donnell*, 6 Colo. 260; *Sutton v. Dana*, 15 Colo. 98; *Marsh v. Cramer*, 16 Colo. 334; 1 Greenleaf's Ev., sec. 462.

It was not error to refuse the request to charge concerning the presumption of law as to the husband being the head of the family. Such an instruction in a case of this kind, under our law, would have tended more to the confusion of the jury than to the advancement of justice. The question whether the employment of plaintiff was by the defendant or by the defendant's husband, was a question of fact to be determined from the evidence, and all the circumstances of the case properly testified to before the jury.

It was not error to refuse the additional requests to charge concerning the burden of proof or the preponderance of the evidence, the jury having been properly and sufficiently instructed upon such matters.

4. One further matter assigned for error is strongly pressed upon our consideration. From affidavits filed in support of the motion for a new trial, it appears that after the evidence and instructions had been submitted to the jury, the trial judge left the bench, retired from the court room, and was out of the presence and hearing of counsel during the time

they were making their arguments to the jury; that the judge so retired without the consent of counsel and without previously announcing his intention so to do ; and that during his absence a member of the bar, not a judge, occupied the bench.

It further appears from the affidavits on the part of defendant that, during such absence of the judge, counsel for plaintiff in his argument went outside the record and the evidence in the cause, and stated matters not testified to by any witness, which were greatly prejudicial to defendant's cause, and otherwise misconducted himself in said argument, and that during said argument, noisy demonstrations of approval occurred in the court room, greatly to the prejudice of defendant's rights.

· By counter affidavits in behalf of plaintiff, the alleged misconduct of plaintiff's counsel in argument is denied; and it is charged that one of defendant's counsel first went outside the evidence in his argument to the jury.

It does not appear that defendant or her counsel made any objection to the absence of the judge until the verdict was returned. They should have objected as soon as they discovered his absence or as soon as anything prejudicial to their cause occurred, and should have endeavored to have the judge return and correct, if possible, any error that may have occurred and prevent any further mischief.

While we do not undertake in this case to announce an invariable rule respecting absences of the trial judge during the argument of a cause to the jury, yet we can readily see that the consequences resulting from such absence might be such as to necessitate the granting of a new trial. *O'Brien v. The People*, 17 Colo. 561.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed.*