[Crim. No. 327. Department Two.—November 22, 1897.]

THE PEOPLE, Respondent, v. JOHN LEE, Appellant.

CRIMINAL LAW—RAPE—GIRL UNDER AGE OF CONSENT—INSTRUCTION—IMPROPER REQUEST—ABSENCE OF OUTCRY AND IMMEDIATE DISCLOSURE.—Upon the trial of a defendant charged with the crime of rape, committed upon a girl under fourteen years of age, it is proper to refuse to instruct the jury, upon request of the defendant, that the facts that the prosecutrix made no outcry and no immediate disclosure, and

that there was but little indication of violence to her person, "are proper to be taken into consideration by the jury, as throwing doubt upon the assumption that the act was committed at all," the consent of the girl being immaterial, as affecting the guilt of the defendant, and the undisputed facts being such as to show that there was no probative force in the alleged facts, and the instruction being a clear invasion of the province of the jury, and involving an assumption that certain controverted facts had been established by the evidence.

ID.—CONSUMMATION OF CRIME—CONFLICTING EVIDENCE—EXPERT TESTIMONY. Where the testimony of the prosecutrix and of the defendant is conflicting as to whether the crime of rape was consummated or only attempted, and the circumstances shown by the testimony of the medical experts tended to show that there was not a complete sexual act, but they are all so far consistent with the evidence of the prosecutrix that enough may have been done to constitute the crime of rape, a verdict of conviction of that crime will not be disturbed upon appeal for insufficiency of the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from orders denying a motion in arrest of judgment, and denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Frank F. Davis, and A. M. Cates, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

TEMPLE, J.—The defendant was convicted of the crime of rape, charged to have been committed upon a child thirteen years of age. The defendant contends that the girl consented, but that the offense was not consummated. Upon these two points there was a conflict between the defendant and the prosecutrix.

A reversal is claimed on two grounds:

1. It is contended that the court erred in refusing to instruct the jury, as asked by the defense, to the effect that the facts that the prosecutrix made no outcry and no immediate disclosure, and that there was but little indication of violence to her person, "are proper to be taken into consideration by the jury, as throwing doubt upon the assumption that the act was committed at all."

The girl was under the age of fourteen, and, therefore, whether she consented or not was immaterial, as affecting the guilt of

the defendant. But the undisputed facts show that enough was done to induce the prosecutrix to make an outcry, if she believed it would be of any avail or was not so intimidated that she was afraid to do so, if she knew or realized the extent of the outrage upon her and was not consenting thereto. There was, therefore, no probative force in the alleged fact.

But in no case should such an instruction be given. It would have been a clear invasion of the province of the jury, and such interference is forbidden in this state. The court may be called upon under some circumstances to say whether there is or is not any evidence tending to prove an essential fact, but the court should never do this to aid the jury in determining a controverted issue of fact, or when it is open to reasonable dispute as to whether such evidence does tend to prove the alleged fact. These are questions as to the effect and value of evidence, and when they are or may be matters of reasonable controversy they are exclusively for the jury; and this is especially so when it is claimed that the alleged facts tend to prove the guilt or innocence of the accused. That is the precise issue which the jury are to decide.

And then, again, the instruction assumed that certain controverted facts had been established by the evidence. This, of itself, was a sufficient reason for refusing the instruction.

2. The other point is that the evidence did not justify the verdict. The question here is simply whether the defendant succeeded in consummating the crime. Defendant admits that he made the attempt, but claims that he failed. The only two witnesses to the important fact differ. The circumstances shown by the testimony of the medical experts tend to show that there was not a complete sexual act, but they are all so far consistent with the evidence of the prosecutrix that enough may have been done to constitute the crime of rape.

The judgment and orders appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.