Bissell, P. J.
This action against Dewoody and others for malicious tres *518 pass was originally begun before a justice, and resulted in a judgment against several. Therefrom an appeal was taken to the county court where the case was again tried before a jury. In the mean time the action was dismissed as to all parties but Dewoody and Baker who defended, but the verdict of the jury was against them for a small amount. Motion for a new trial was filed, and pending that motion the parties stipulated that the cause should be dismissed as to defendant Baker and stand only as to the appellant Dewoody. Thereupon the motion for a new trial on Dewoody’s application was overruled and judgment was ordered against him.
The appeal presents but two questions, and these only are argued in briefs of counsel. One respects the propriety of the entry of the judgment against Dewoody when the verdict was against both Dewoody and Baker, and the other concerns the substance of the affidavit filed on the motion for a new trial, and challenges the correctness of the judgment on the facts stated in the affidavit. There is no bill of exceptions, or at least none exhibiting any other facts than this affidavit. No proposition of law is presented in the record other than that predicated on the entry of judgment against Dewoody, and these are the only questions which we shall consider.
We can discover no basis for the contention that the judgment is irregular and void because the verdict was against Dewoody and Baker, and the judgment only against Dewoody, because prior to the entry of judgment the parties stipulated that the action might be dismissed as to Baker. We see no reason under those circumstances why, he being eliminated from the case and the verdict being against Dewoody, the judgment should not follow as against the complaining party. There might be circumstances, perhaps, under which some question might be raised respecting the regularity of such proceedings, but in this case it appears that all parties selected as defendants, if found liable, were joint tort feasors, and any one, two or more, .or all, might be sued, and since they are jointly and severally liable a recovery can *519 be had against one for all the damages, or a judgment against them all and a collection enforced as against one. We can discover no legal or insurmountable reason against the entry of judgment against Dewoody on the verdict when, by his consent, Baker was dismissed from the action.
The other proposition respects the sufficiency of the motion for a new trial and challenges the correctness of the judgment because of those facts which are detailed in the record. According to the affidavit, when counsel commenced to address the jury the judge left the room. It is then stated that counsel misquoted the testimony and stated numerous things as facts which to the best recollection of affiant were not as had been stated by'the witnesses at the trial, and that when counsel attempted to correct the statements they became so grossly wrong and improper that counsel was compelled to call upon the officers of the court to procure the attendance of the judge. The judge admonished counsel and again left the room and staid away until the arguments had been concluded. This was substantially the contents of the affidavit. As we observe, there was no statement that the judge was out of sight or hearing, no statement that any damage occurred or accrued as against Dewoody, and on the other hand it sufficiently appears that the court returned and admonished counsel and apparently thereafter there was no difficulty respecting the observance by the attorney of both the testimony and the rules of propriety in presenting the case to the jury. As is thus evident, the sole question presented is, should the case be reversed because of the failure of the court to observe the well setted rule respecting the duty of the presiding judge to remain in the court room during the progress of the trial. This rule has been emphasized in many cases where it appears that the judge has done otherwise, and wherever this matter has been called to the attention of appellate tribunals, as a general proposition, these courts have condemned the practice, and have stated that- it was the duty of the nisi prius judge to remain in the court room from the commencement to the conclusion of the trial. We have no criticism to make *520 on this rule in which we quite concur; at the same time it has been seldom that cases have been reversed because of such absence unless there was a showing of harm or prejudice to the complaining party. In this jurisdiction, the supreme court has announced the law that it is the duty of the complaining party to object to the absence of the court as soon as it is observed, or as soon as anything prejudicial to their case occurs, and apparently to insist on the court’s return to prevent any further possible mischief. Rose v. Otis, 18 Colo. 59. While we are quite conscious of the fact that counsel dislike to quarrel with a judge and insist on his presence when he desires to be out, yet since the supreme court has thus announced the law we must of necessity follow it.
We are quite unable to discover that any substantial injustice has been done. The ease seems to have been properly tried. According to the record right has been done, the proper judgment entered without error occurring during the trial or thereafter, and it must therefore be and accordingly is affirmed.

Affirmed.