[No. 5599.]

[No. 2215 C. A.]

## PATRICK ET AL. v. MORROW.

1. **Divorce and Alimony—Contracts—Legal Services—Mortgages —Homestead.**

Defendant, a married woman, employed plaintiffs as counsel to prosecute an action against her husband for divorce and to procure a decree vesting in her title to certain real estate, for which she executed to them her note for a certain fee, and, at the same time, entered into a contract whereby she agreed to secure the note by a mortgage on the real estate, if title should be vested in her by the decree in the divorce proceedings. Held, that defendant had legal capacity to enter into the contract to execute the mortgage; that it was based upon a sufficient con-

sideration; that plaintiffs, having performed the services and procured a decree vesting in her title to the real estate, the contract became an equitable mortgage, or lien, on the real estate, and could not be defeated by defendant designating the same as a homestead.

*Error to the District Court of Pueblo County:*
*Hon. N. W. Dixon, Judge.*

Mr. C. S. ESSEX, for plaintiffs in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Under a stipulation, this cause was submitted to the trial judge upon an agreed statement of facts, from which the facts pertinent to a determination of this appeal, are:

Plaintiffs, who were copartners in the practice of law, were employed by defendant to prosecute an action against her husband for divorce and alimony, and to procure, if possible, a decree vesting in her the title to certain lots in the city of Pueblo; the agreed compensation which plaintiffs were to receive for their services was $150.00, for which amount defendant gave to them her promissory note, secured by a chattel mortgage upon certain live stock; at the date the note and chattel mortgage were given, a written instrument was executed between the parties, in and by which defendant, in substance, agreed, that, in the event that title to the lots should be vested in her by the decree in the divorce proceedings, that, in lieu of the chattel mortgage above noted, she would give the plaintiffs a deed of trust upon the lots as security for the payment of the note given for professional services.

A suit in the district court of Pueblo county, conducted by plaintiffs in error, resulted—July 29, 1895 —in a decree of divorce, and vested in the defendant herein the title to the property above described; the

defendant failed to pay such promissory note, except the sum of $27.00; the security of the chattel mortgage proved to be worthless; defendant is insolvent; the decree in the divorce proceedings was filed in the office of the clerk and recorder, February 19, 1897, and, March 24, 1897, defendant caused to be entered on the margin of the record of such decree, the word "Homestead;" the value of the property involved does not exceed the sum of $2,000.00.

Prayer was for judgment for the amount of the note, and interest, and that such judgment be decreed to be a lien upon the real estate described in the decree, relating back to the date of the decree.

The court found that the defendant was indebted to the plaintiffs in the sum of $172.50, and rendered judgment against her for that amount, and further found that plaintiffs were not entitled to the lien prayed for in their complaint.

The contract, above set forth, was executed, contemporaneously, with the contract of employment; was a part thereof, related to the same subject-matter, and is supported by a sufficient consideration, to wit, the services to be rendered by plaintiffs in error, which services, having been fully performed, renders it enforceable.

The legal capacity of defendant in error to enter into the contract, cannot be successfully questioned.— *Rose v. Otis*, 18 Colo. 59, and cases cited.

The contract under consideration constituted an equitable mortgage or lien upon the property therein described, and, although the title to the property was not in the defendant in error at the date of the contract, the lien of such equitable mortgage attached when the title became vested in her, by the decree of the court in the divorce proceedings.

In discussing this subject, in *Mitchell v. Winslow*, 2 Story 638, 644, Mr. Justice Story says:

"It seems to me a clear result of all the authorities, that whenever the parties, by their contract, intended to create a positive lien or charge, either upon real or personal property, whether then owned by the assignor or contractor or not, or, if personal property, whether it is then *in esse* or not, it attaches in equity as a lien or charge upon the particular property, as soon as the assignor or contractor acquires the title thereto, against the latter and all persons asserting title thereto."

And, in Jones on Liens, § 42, it is said:

"Whenever a positive lien or charge is intended to be created upon real or personal property, not in existence or not owned by the person who grants the lien, the contract attaches in equity as a lien or charge upon the particular property as soon as he acquires title and possession of the same."

The entry of the word "Homestead" on the margin of the record of the divorce decree in the clerk and recorder's office, some twenty months after the rendition of the decree, did not, in any manner, affect the equity of the lien or mortgage of plaintiffs in error.

Section 2137, Mills' Ann. Stats., provides:

"Nothing in this act (homestead) shall be construed to prevent the owner and occupier of any homestead from voluntarily mortgaging the same."

Our conclusions are, that defendant in error was legally capacitated to enter into the contract; that it was based upon a sufficient consideration; that it constituted an equitable mortgage or lien upon the property therein described, which attached the moment the decree was rendered, and that such mortgage or lien was not affected by the homestead claim.

The judgment will be reversed, with directions to the court below to enter a judgment according to this opinion.                    *Reversed.*

The CHIEF JUSTICE and Mr. JUSTICE GUNTER concurring.