## The People, ex rel. Ida Roehl, Appellee, v. Harry McKeown, Appellant.

1. EVIDENCE—*entry on hotel register.* An entry on a hotel register is not competent evidence of the facts therein recited or in corroboration of testimony that a person was elsewhere at the time of the commission of a certain act.

2. EVIDENCE—*entry on hotel register may be used to refresh memory.* The entry on a hotel register may be used to refresh a witness's memory where he first testifies that the entry when made was correct.

3. APPEAL AND ERROR—*harmless error.* Where on cross-examination of defendant's witness a fact is elicited which is not warranted by the direct examination, and subsequently similar evidence is given in behalf of the relatrix without denial on the part of the defendant, the prior error is harmless.

4. BASTARDY—*harmless error.* An instruction in a bastardy proceeding to the effect that same is a civil proceeding to provide for the support, maintenance and education of the bastard child, though argumentative, is merely harmless error.

The People v. McKeown, 171 Ill. App. 146.

Appeal from the Circuit Court of Macoupin county; the Hon. TRUMAN A. SNELL, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

H. H. WILLOUGBY and EDWARD C. KNOTTS, for appellant.

JAMES H. MURPHY and VICTOR HEMPHILL, for appellee; L. M. HARLAN, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a prosecution on a charge of bastardy where a verdict and judgment were rendered against the defendant from which he appeals. The relatrix testified that the defendant had intercourse with her in the village of Staunton on the night of Easter Sunday, April 11, 1909, about ten o'clock. Fred Haase testified, on behalf of the defendant, that he and the defendant left Staunton about six o'clock that evening and went to Mt. Olive, a village about six miles distant, where they registered at a hotel at 1 A. M. the next morning and stayed there until the next day. The defendant did not testify in the case but offered in evidence the hotel register to which an objection was sustained. This ruling it is urged was error.

The witness, Haase, testified that from memory he recollected the date without the entry on the register. The entry on the register, while it might be used to refresh his memory, if he had first testified that the entry when made was correct and that he did not remember the date without the memorandum, yet it was not competent evidence either of the facts therein recited or in corroboration of his testimony. Kent v. Mason, 1 Ill. App. 466; 14 Encyc. of Ev., 724; 1 Greenleaf on Ev., 437. This entry was subject to the further objection that it was a self-serving statement of the appellant, and while it was competent evidence against him it was not competent in his behalf.

The witness Haase was asked on cross-examination

what the defendant told him about the relatrix and answered that he said he had intercourse with her. This should not have been permitted as it was in no way connected with the facts elicited on the direct examination. However, since similar evidence was given on behalf of relatrix by a witness Mueller, and the defendant made no denial of either the evidence of relatrix or Mueller, the error in the cross-examination of the witness Haase was harmless.

The witness Fred Haase testified that he had intercourse with the relatrix on April 14, 1909, and a witness David Hebenstreit testified that he had intercourse with her on March 29th. The evidence of these two witnesses was denied by the relatrix and was impeached to such an extent by their own admissions of contradictory statements made out of court, their admitted willingness to help the defendant and hostility to the relatrix, that a jury would be justified in finding that they were unworthy of belief.

It is also insisted that the giving of the second instruction given on behalf of the relatrix was error. This instruction told the jury that this is a civil proceeding to provide for the support, maintenance and education of the bastard child of the prosecuting witness. This instruction while it stated the law correctly yet it gave the jury no information upon any legal proposition concerning any issue submitted to the jury. It was in the nature of an argument and we cannot see how it could in any way affect the finding of the jury. It was therefore harmless error.

It is also argued that counsel made improper remarks in their argument to the jury but we are of opinion that the remarks were justified by the evidence. It is also urged that the verdict and judgment are not supported by the evidence. After a review of all the evidence we are satisfied that it fully warrants the finding of the jury.

Finding no reversible error the judgment is affirmed.

*Affirmed.*