## No. 9702.

### COPLIN *v.* THE PEOPLE.

1. CRIMINAL LAW—*Rape—Outcry*. In accusations for rape by violence, whether outcry or complaint was made by the woman has always been regarded as relevant.

In the cases prescribed by the statute, with consent, of which in law the female is incapable, such evidence is irrelevant.

Where the crime is by violence, and there is no such evidence or claim of consent, the rule for rejecting such testimony is inapplicable. The testimony must be admitted, its effect being for the jury.

2. EVIDENCE—*Impeachment by Contradictory Statements of Witness*, is not to be permitted unless the foundation is laid by interrogation of the witness as to the statements imputed to him.

*Error to Washington County District Court, Hon. L. C. Stephenson, Judge.*

*Department Two.*

Mr. LEONARD E. ANDERSON, Mr. ISAAC PELTON, for plaintiff in error.

Mr. FRANK ALLEN, Deputy District Attorney; Mr. GEORGE C. TWOMBLY, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

THE plaintiff in error was convicted of statutory rape of his stepdaughter, seventeen years old, and now moves for supersedeas.

The evidence was of but one act, and that a rape by violence with resistance.

1.   The court instructed the jury as follows:

"No. 9.   It has been admitted in this case by the prosecuting witness that she did not report the offense alleged to have been committed against her by the defendant to any one prior to November, 1918, when she reported to her aunt.   This fact can not be taken into consideration by you in determining the question of the guilt or innocence of the defendant."

In cases of rape by violence whether and how soon there was outcry or complaint of the crime by the woman has been regarded as relevant from time immemorial, because, like previous contradictory statements, it tends to discredit her present testimony.   Deut. 22, 23 to 27; Wig. Ev. Sec. 1134; *Donaldson v. People,* 33 Colo. 333, 80 Pac. 906; *Bueno v. People,* 1 Colo. App. 232, 28 Pac. 248.

In cases of rape with consent—i. e., statutory rape, so-called—since the probability is that the woman would not complain, the evidence loses its force and is regarded as irrelevant.   *State v. Birchard,* 35 Ore. 484, 491, 492, 59 Pac. 468, 492; *People v. Lee,* 119 Cal. 84, 51 Pac. 22; see also *Honselman v. People,* 168 Ill. 172, 48 N. E. 304; *Johnson v. State,* 27 Neb. 687, 43 N. W. 425.

But where, as in this case, the crime was by violence and there was no evidence or claim of consent, the reason for the rule rejecting the testimony fails, while that for admitting it applies with full force and it was error to take it from the jury. Its weight was for the jury to consider, taking into consideration the youth of the prosecutrix and all other circumstances of the case.

2.   The prosecutrix testified that she had been ravished by her stepfather, the accused, in the presence of his three sons, her half-brothers, the oldest of whom, Carroll Coplin, was ten years old. The said Carroll Coplin, called for the defense, denied the whole transaction. With no preliminary question asked of Carroll for the purpose of a foundation, one Burgett, the boy's uncle, was allowed to testify that Carroll had told him with some detail practically the same story as that told by the prosecutrix.

Such evidence requires the preliminary foundation.   The rule is comparatively modern, of doubtful value and expediency and has been criticised with strong reasoning by high courts and authors. Wig. Ev. Sec. 1025-1027; *Downer v. Dana,* 19 Vt. 345.

But it is firmly established in this state and only the legislature can change it.   *Nutter v. O'Donnell,* 6 Colo. 253; *Rose v. Otis,* 18 Colo. 59, 31 Pac. 493; *Ryan v. People,* 21 Colo. 119, 40 Pac. 775; *Rose v. Otis,* 5 Colo. App. 472, 39 Pac. 77.

The judgment should be reversed and new trial granted.

Garrigues, C. J., and Scott, J.. concur.