No. 12,572.

LASASSO *v.* THE PEOPLE.

(287 Pac. 647)

Decided April 7, 1930.   Rehearing denied May 12, 1930.

Mr. A. R. Morrison, for plaintiff in error.

Mr. Robert E. Winbourn, Attorney General, Mr. E. J. Plunkett, Assistant, for the people.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as defendant. He was convicted of statutory rape and sentenced to the penitentiary for a term of three to four years. To review that judgment he brings error and asks that the writ be made a supersedeas.

The offense was committed in May, 1929, and the information filed in October following. Defendant, a married man, was then 32 years old and his victim, the prosecuting witness, hereinafter referred to as Isabelle, was 16. She formerly lived in Greeley, but at the time charged was staying at the home of a relative in Denver. Defendant lived next door. His wife worked downtown during the day and he worked at night and slept in the daytime. Isabelle was employed to do housework for them. One morning, during the first week of her employment, defendant, she says, came half dressed into the kitchen where she was washing dishes, forced her to go to his bedroom, perpetrated the offense charged, and made grave threats against her should she tell what had occurred.

There are twelve assignments of error. Several are answered by their mere statement. The information

was sworn to by Isabelle's father. It charged the offense on May 9. By defendant's consent it was amended to conform to the proof to read May 16. There is evidence that Isabelle had theretofore fixed the time as the middle of April, and in her testimony she mentioned April 16, which she immediately corrected to May 16. Since the evidence of the prosecuting witness as to the act itself was uncorroborated, it is contended it is so weakened by such discrepancies as to be insufficient to support the verdict. We think not. Each of the dates was within the necessary time limit. *Laycock v. People,* 66 Colo. 441, 444, 182 Pac. 880. An instruction to that effect was given without objection. The discrepancies were clearly. for the jury.

After the people rested the court permitted the defense to recall the complaining witness for further cross-examination. Considerable evidence for defendant was then taken and his counsel again sought to cross-examine Isabelle. Permission being refused, he made her his own witness and asked her for whom she worked before coming to Denver. An objection to the question was sustained. Both these rulings are assigned as error. Both were clearly discretionary and no prejudice is shown.

A portion of a conversation was ruled out in response to defendant's objection. He thereafter sought to elicit another portion of it. The court held that if he did so the whole was opened up. He took the part allowed and the remainder was thereafter admitted over his objection. He now complains of both rulings, but the record shows no exception to either.

Defendant's requested instructions 1 and 3 were refused, and each ruling is assigned as error. It is admitted that Isabelle made no outcry at the time and no complaint until long after. Said instruction No. 1 directs the jury to consider her failure to complain. In *Coplin v. People,* 67 Colo. 17, 185 Pac. 254, we held it error to withdraw that fact; but we have never held a direction

to consider such evidence essential. The authorities supporting such an instruction in cases of the forcible rape of an adult are, of course, inapplicable. Two are cited where the charge was statutory rape. *State v. Williams,* 36 Utah 273, 103 Pac. 250; *State v. Griffin,* 43 Wash. 591, 86 Pac. 951, 11 Ann. Cas. 95. In each of these the facts were peculiar and the principle there announced not here applicable. If either of them support the rule contended for by defendant we think it is inconsistent with our own decisions. What weight, if any, should be given such evidence must depend upon the circumstances of each case. Here the excuses given for failure to make complaint were defendant's threats and his victim's fears. All this was left to the jurors and their conclusion is evidenced by their verdict. Said requested instruction No. 3 directs a consideration of the girl's failure to make an outcry. Everything said concerning No. 1 applies equally here.

This appears to us to have been a simple case of conflicting evidence from which both judge and jury concluded that the offense charged had been committed. With that conclusion we cannot interfere.

The judgment is accordingly affirmed.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Moore concur.