[Crim. No. 721.   Second Appellate District, Division Two.—December
16, 1920.]

## THE PEOPLE, Respondent, v. RALPH E. POWELL, Appellant.

[1] CRIMINAL LAW — PLEADING — EXTORTION — BRIBERY — JOINDER OF
CHARGES IN INFORMATION.—Under section 954 of the Penal Code,
an information may charge an "executive officer," in one count,
with the crime of extortion and, in a second count, with the crime
of bribery, where the evidence relied on to convict upon both is the
same, founded upon the same incident, and refers to but one trans-
action occurring on the day charged in the information.

[2] ID.—IMMATERIAL STATEMENT—LEGAL CONCLUSION—SURPLUSAGE. —
Where the second count of such information opens with the pre-
liminary statement, "being a different statement of the offense set
forth in Count I hereof," such statement is entirely immaterial,
being but a legal conclusion of the pleader, and may be treated as
surplusage.

[3] ID.—RECEIVING BRIBE — EXTORTION — GUILT. — A defendant, if he
be guilty of *receiving* a bribe, cannot as a result of the same
transaction likewise be guilty of the offense of extortion.

[4] ID.—ASKING AND RECEIVING BRIBE—DIFFERENT OFFENSES.—Under
section 518 of the Penal Code, one may be guilty of the crime of
*asking* or of *receiving* a bribe, or of asking *and* receiving a bribe;
in other words, bribery may consist of either one of two entirely
different and distinct acts, namely, the act of asking a bribe or
the act of receiving a bribe.

[5] ID. — ASKING BRIBE — NECESSARY ELEMENTS. — To constitute the
crime of *asking* a bribe "upon any agreement or understand-
ing" that the official conduct of the party asking shall be in-
fluenced thereby, it is not necessary that the party solicited shall
consent to give the bribe, or that there shall be a meeting of the
minds or mutual understanding or agreement between him and the
party asking the bribe, it being sufficient if the latter is ready
and willing to enter into a corrupt agreement or understanding
that his official conduct shall be influenced by the bribe.

[6] ID.—EXTORTION—ASKING BRIBE—EVIDENCE — GUILT. — If the evi-
dence is sufficient to sustain a verdict finding the defendant guilty
of *asking* a bribe, he is guilty of the crime of bribery, as de-
fined in section 68 of the Penal Code, even though he immediately
thereafter .received from the person from whom the bribe was
solicited money or property under such circumstances that his

---

5.   Bribery and solicitation of bribes, note, 116 **Am. St. Rep.** 38.

obtaining the same constituted the crime of extortion and not . bribery.

[7] ID.—ASKING BRIBE—STATUS OF PARTY SOLICITED—CONVICTION ON UNCORROBORATED TESTIMONY.—The offense of asking a bribe can be committed without any co-operation on the part of the person from whom the bribe is solicited, and such offense is completed the moment the bribe is asked, it not being necessary that the person from whom the bribe is solicited should consent to give it, or that he should have any kind of an agreement or understanding with the person asking for it; therefore, the person from whom a bribe is solicited is not an accomplice in the crime of asking a bribe, and the person asking a bribe may be convicted upon the uncorroborated testimony of the person from whom the bribe is solicited.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Swaffield & Swaffield for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

THOMAS, J.—This is an appeal from a judgment of imprisonment upon a conviction of the crime of bribery, and from an order denying defendant's motion for a new trial.

The information charged defendant with being, at all times therein mentioned, a duly appointed, commissioned and acting police officer of the city of Long Beach, i. e., an "executive officer," and was in two counts, the first count, by proper and apt allegation, charging the crime of extortion, while the second count charged the crime of bribery— . opening with the following statement: "And for a further and separate cause of action, *being a different statement of the* offense set forth in Count I hereof," etc. (Italics ours.) A demurrer, both general and special in character, was interposed to the information and by the court overruled. On the issues thus presented the case was tried.

The jury returned two verdicts, one finding the defendant guilty of extortion as charged in count one, and the other finding him guilty of bribery as charged in count two. Defendant moved in arrest of judgment and for a new trial,

the motions being granted as to the first count. Thereafter the court, on motion, dismissed the case as to count one, and the judgment from which this appeal is taken was imposed and entered.

Upon the submission of the case as made, the learned trial judge gave the following instruction, among others, to the jury: "The defendant in this case is accused by the information filed herein of two separate offenses, to wit: the crime of extortion in count one thereof, and the crime of bribery in count two thereof. An information may charge two or more different offenses connected together in their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses under separate counts. The defendant may be convicted upon either of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict. You may find the defendant guilty or not guilty upon each of the separate counts of the information; *and if you believe that count one is a different statement of the same offense as charged in count two, you may as to said count one and count two find the defendant not guilty upon both, guilty upon both, or guilty upon one and not guilty upon the other."* (Italics ours.)

Appellant claims: (1) That the giving of the foregoing instruction was error; (2) that the two verdicts rendered are inconsistent, and hence that a judgment entered on either cannot stand; and (3) that the complaining witness was an accomplice, upon whose uncorroborated testimony defendant cannot be convicted.

As to the information, both counts were legally sufficient. [1] Being connected together in their commission the offenses charged were, by virtue of section 954 of the Penal Code, properly joined in the information. The evidence relied on to convict upon both was the same, founded upon the same incident and referred to but one transaction occurring on the day charged in the information. Yet while it was proper thus to charge defendant with two offenses in separate and distinct counts, he could not be convicted of the crime of extortion under section 518 of the Penal Code and also of the crime of *receiving* a bribe under section 68 of the same code; although, for reasons which will presently appear, we think he could be convicted of the

crime of extortion and likewise of the crime of *asking* a bribe.

[2] As to the preliminary statement with which the second count opens, and which we have italicized above, we think it entirely immaterial, being but a legal conclusion of the pleader, and for that reason it may be treated as surplusage. It adds nothing to, nor does it take anything from, the essential averments of the information. Such being the case, the language of the court in *People* v. *Piner*, 11 Cal. App. 542, 546, [105 Pac. 780], may be considered applicable here: ''There is no claim put forward here that section 954 of the Penal Code, as amended in 1905, violates any provision of the constitution, nor can we see how such a claim could be sustained if it were urged. As we have suggested, there is no ground for apprehending that any injury would result to a defendant from the method of criminal pleading authorized by section 954, for only one set of facts and circumstances, directed to a single act or event, could be proved, and, of course, it would not only be competent, but absolutely necessary, to prove those same facts and circumstances where but one offense was charged. Therefore, we can think of no principle forbidding the legislature to authorize the setting out of two distinct offenses in as many counts in cases where the circumstances under which a criminal act is committed are such as to inspire in the prosecuting officer serious doubt as to *which of two offenses* the evidence would show had been committed. Such a method, while obviously innocuous in its effect upon any of the rights of the accused, must result in a just administration of the criminal law. For where, as under the old method, the result of not proving the specific charge would be the acquittal of the accused and to cause another trial of the same facts with its attendant trouble and expense, assuming that once in jeopardy and former acquittal could not be successfully pleaded at the subsequent trial, under the present method the jury, under the court's instructions, could return a verdict of guilty of *that offense of the two charged which the evidence disclosed had been committed,* and thus there would be avoided, in a large measure, the mistrials which too often result from a want of correspondence between the proof and the allegations of the indictment or information.'' (Italics ours.) That

extortion and bribery are two separate and distinct offenses is, we think, beyond dispute. The former is the obtaining of property from another with his consent, induced by fear or force, or under color of official right (sec. 518, *supra*); while the latter is *defined* by section 68, *supra*, as follows: "Every executive officer . . . who asks, receives or agrees to receive, any bribe, upon any agreement or understanding that his . . . action upon any matter then pending, or which may be brought before him in his official capacity, shall be influenced thereby, is punishable," etc. For the violation of the former a punishment of not exceeding five years in the state prison is prescribed; while for the latter, *not more than fourteen years,* and the defendant, *"in addition thereto, forever forfeits his office, and is forever disqualified from holding any office in this state."* (Italics ours.) In the first, the victim of the extortion is not and cannot be an accomplice; in the latter, the one of whom the bribe is received, as we shall later see, may be. The former involves an element of coercion by one of the parties; the latter—receiving a bribe upon an agreement or understanding that the official conduct of the one receiving the bribe shall be influenced thereby—necessarily involves a willing co-operation by both.

This brings us to the consideration of the instruction above quoted, and which is objected to by defendant. The instruction was clearly erroneous; but, for reasons presently to be stated, the error, in our opinion, was without prejudice. Defendant having been legally charged with two separate offenses relating to "the same act, transaction and event," the proof whereof being dependent upon the same evidence, he could not, in the instant case—except as we shall hereafter see—be legally found guilty of both; but, after hearing the evidence, the jury, "under the court's instructions, could return a verdict of guilty of that offense of the two charged which the evidence disclosed had been committed." (*People* v. *Piner, supra; People* v. *Warriner,* 37 Cal. App. 107, [173 Pac. 489].)

The next point urged by appellant is the inconsistency of the verdicts. If the defendant was guilty of the crime of extortion, the crime consisted in obtaining from the complaining witness the latter's property, viz., a certain sum of money, with his consent, induced by a wrongful use of

fear produced by the threat to accuse the complaining witness of the crime of violating the rooming-house ordinance of the city of Long Beach. The record discloses without conflict that the complaining witness was in fact guilty of a violation of this ordinance; and this being true, he was subject to lawful arrest. Subdivision 1 of section 519 of the Penal Code recites that fear, such as will constitute extortion, may be influenced by a threat "to do an *unlawful injury* to the person or property of the individual threatened, or to any relative of his, or member of his family." But we do not think that, merely because of the conceded guilt of the complaining witness, defendant is thereby relieved of the pains and penalties of the offense charged—extortion. In our opinion it cannot be said that the "injury" in such case was not an "unlawful injury." Under section 518, *supra*, obtaining the payment of money from a violator of the ordinance referred to by a threat of arrest and detention if the payment be not made, is extortion, and this without regard to the exercise of good faith in threatening to make the arrest. (*People* v. *Beggs*, 178 Cal. 79, [172 Pac. 152].)

Where property is obtained by extortion, the consent of the person who parts with the property is not free and voluntary, but is, in a measure, coerced, i. e., induced by the wrongful use of force or fear or under color of official right. Where a bribe is actually *received*, the property or money given by the briber is not obtained from him through any coercion of his will. It is given and received upon agreement or understanding that the official conduct of the person receiving it shall be influenced thereby. [3] From this it follows that a defendant, if he be guilty of *receiving* a bribe, cannot as a result of the same transaction likewise be guilty of the offense of extortion. For this reason we think the court erred in instructing the jury that they could find the defendant guilty of the two crimes as charged in the two counts of the information. But this error, for the reasons we are now about to state, did not involve a miscarriage of justice, within the meaning of section 4½ of article VI of the constitution.

[4] Under section 518 of the Penal Code one may be guilty of the crime of *asking* or of *receiving* a bribe, or of asking *and* receiving a bribe. In other words, bribery may

consist of either one of two entirely different and distinct acts, namely, the act of asking a bribe or the act of receiving a bribe. [5] To constitute the crime of asking a bribe "upon any agreement or understanding" that the official conduct of the party asking shall be influenced thereby, it is not necessary that the party solicited shall consent to give the bribe, or that there shall be a meeting of the minds or mutual understanding or agreement between him and the party asking the bribe. It is sufficient if the latter is ready and willing to enter into a corrupt agreement or understanding that his official conduct shall be influenced by the bribe. (*People* v. *Squires*, 99 Cal. 327, [33 Pac. 1092]; *State* v. *Durnam*, 73 Minn. 150, [75 N. W. 1127].) In the case at bar, the count of the information that charged the defendant with bribery alleges that he did corruptly and feloniously "*ask*, offer to receive and receive" the sum of seventy dollars. The jury found him guilty of bribery as charged in the information. It thus will be seen that defendant was charged with *asking*, as well as receiving, a bribe, and that the jury, by finding him guilty of bribery as charged, found him guilty of *asking* as well as of receiving the bribe. The instant that defendant asked for a bribe, if he was then and there ready and willing to enter into a corrupt agreement or understanding with the complaining witness that his official conduct should be influenced thereby, he was guilty of the crime of bribery. [6] It follows, therefore, that if the evidence is sufficient to sustain a verdict finding the defendant guilty of *asking* the bribe, he was guilty of the crime of bribery, as defined in section 68 of the Penal Code, even though he immediately thereafter received from the complaining witness money or property under such circumstances that his obtaining the same constituted the crime of extortion and not bribery.

There is sufficient evidence, we think, to sustain that part of the verdict which, in effect, finds the defendant guilty of asking a bribe. As is usual in this class of cases, the defendant did not boldly and in direct language ask a bribe. His words and acts, however, as testified to by the complaining witness, unmistakably carried the import that it was a bribe that he was asking. The complaining witness testified that defendant asked him if he had any money with which to furnish bail. He testified that he took a

five or ten dollar bill from his pocket and said to defendant, "This is all I got." Defendant, according to the witness, replied, "*I* am not that cheap." Afterward, the defendant also said to the complaining witness: "Have you got any jewelry?" These statements, coupled with other circumstances disclosed by the record, are sufficient to indicate that the defendant did not intend to be understood as asking the complaining witness for bail money, but that he intended that the latter should understand that he was being solicited for a bribe with the understanding that if it were given he would not be prosecuted for a violation of the ordinance referred to.

For these reasons we conclude that there is sufficient evidence to justify that part of the verdict which finds the defendant guilty of asking a bribe; that the crime of asking a bribe is committed the moment the bribe is asked and before any money or other thing of value is received by the one asking it; that the crime of asking a bribe may be consummated before any bribe money is obtained, and, therefore, before the existence of the transaction that may constitute either the crime of receiving a bribe or the crime of obtaining property by extortion—whether it be one or the other depending upon whether the money or property is given on an agreement or understanding that the official conduct of the person receiving it is to be influenced thereby, or is obtained through a consent induced by the wrongful use of force or fear or under color of official right. It follows, therefore, that there is no inconsistency between the crime of extortion—which we are inclined to think was the crime committed by the defendant when he actually received the money from the complaining witness—and the crime of asking the bribe.

[7] Under these circumstances, we think, it logically and necessarily follows that the complaining witness was not an accomplice in the crime of asking a bribe, and, therefore, defendant can be convicted of that crime upon the sole testimony of that witness. (*People* v. *Beggs, supra.*) Under section 1111 of the Penal Code, an accomplice is defined to be one "who is liable to prosecution for the identical offense charged against the defendant upon trial in the case in which the testimony of the accomplice is given." As we have seen, among other offenses charged against the

defendant is the crime of asking a bribe. That offense could be committed without any co-operation on the part of the complaining witness, and was completed the moment the bribe was asked. It was not necessary, therefore, that the person of whom the bribe was solicited should consent to give it, or that he should have any kind of an agreement or understanding with the person asking for it. (*People* v. *Squires, supra; State* v. *Durnam, supra.*) The complaining witness, therefore, could not be convicted as an aider or abettor to the crime of asking a bribe, though he doubtless could be convicted as an aider or abettor in the crime of receiving a bribe.

Viewing the case in the large and upon the entire record before us, for the reasons above set forth we cannot say that there has been a "miscarriage of justice" herein, within the meaning of section 4½ of article VI of the constitution.

Judgment affirmed.

Finlayson, P. J., and Weller, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 12, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1921.

All the Justices concurred.