[Crim. No. 1198.   First Appellate District, Division Two.—December 3, 1924.]

## THE PEOPLE, Respondent, v. JAMES E. RAMEY, Appellant.

[1] CRIMINAL LAW—INCEST—CONDUCT OF DEFENDANT—ARGUMENTATIVE QUESTION.—In a prosecution for the crime of incest, committed upon the daughter of defendant, it is not error to refuse to permit defendant to ask the prosecutrix on her cross-examination a question which is purely argumentative, calling for her conclusion as to why defendant had acted in a certain manner.

[2] ID.—SOBRIETY OF DEFENDANT—EVIDENCE—ABSENCE OF PREJUDICE. In such prosecution the defendant is not prejudiced by the action of the trial court in permitting the people, over the objection of defendant, to ask the prosecutrix a question as to defendant's sobriety at the time of the alleged offense or by her answer to the effect that he appeared to be sober.

[3] ID.—EXAMINATION OF WITNESS—REPETITION—DISCRETION OF TRIAL COURT—APPEAL.—The objection that a question has already been asked and answered is a matter addressed to the discretion of the trial court, and its ruling is not a ground for reversal on appeal.

[4] ID.—MISCONDUCT OF DISTRICT ATTORNEY—INSTRUCTIONS.—In this prosecution for the crime of incest, the misconduct of the district attorney did not constitute reversible error where, in each case where the conduct of the district attorney was objectionable, the jury was instructed to disregard it.

[5] ID.—FAILURE TO MAKE OUTCRY—INSTRUCTIONS.—In a prosecution for the crime of incest, it is not error to refuse an instruction that the failure of the prosecutrix to make an outcry might be considered in determining her credibility as a witness, and also in determining whether or not the crime had been committed.

[6] ID. — RIGHT TO HAVE LAWS EXECUTED — DUTY OF JURORS — INSTRUCTIONS.—In such a prosecution it is not error to instruct the members of the jury that their duties require them to consider the right of the people of the state to have the laws properly executed, and that "unless you do your duty, laws may as well be stricken from the statute books."

---

(1) 40 Cyc., p. 2517, n. 78.   (2) 17 C. J., p. 308, n. 59, p. 317, n. 10.   (3) 16 C. J., p. 859, n. 98 New; 17 C. J., p. 244, n. 68. (4) 17 C. J., p. 299, n. 31.   (5) 31 C. J., p. 389, n. 72.   (6) 16 C. J., 960, n. 58.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Daniel Rygel for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was convicted of the crime of incest, committed upon his daughter, a girl of sixteen years of age. He appeals from the judgment following the verdict and from the order denying a motion for new trial. On this appeal he suggests that the evidence is insufficient to support the verdict. We have examined the record with care and find that the testimony of the prosecutrix is clear, convincing, and without substantial conflict. In addition to this it is corroborated by the testimony of her sister, a girl of fourteen years of age.

Objections are made to the ruling of the trial court in the admission of testimony during the course of the trial. [1] One question which the appellant was not permitted to ask the prosecutrix on her cross-examination was purely argumentative, calling for her conclusion as to why the appellant had acted in a certain manner. [2] Another question which the people were permitted to ask over the objection of appellant related to the question of the appellant's sobriety at the time of the alleged offense. The answer was that he appeared to be sober. Neither the question nor the answer could have prejudiced appellant's defense. [3] The objection to the other question is that it had already been asked and answered, but this, of course, is a matter that is within the discretion of the trial court and is not a ground for reversal on appeal.

[4] A number of specifications of error are made by the appellant under the head of the misconduct of the district attorney, but we find that in each case where the conduct of the district attorney was objectionable the jury was properly instructed to disregard it.

[5] Error is assigned in the refusal of the trial court to instruct the jury on the request of the appellant that the failure of the prosecutrix to make an outcry might be considered in determining her credibility as a witness, and also in determining whether or not the crime had been committed.

An identical instruction was requested and refused in *People v. Reynolds*, 48 Cal. App. 688, 690 [192 Pac. 343], and the refusal was there held to be proper. To the same effect is *People v. Lee*, 119 Cal. 84, 86 [51 Pac. 22]. See, also, *People v. Howard*, 143 Cal. 316, 324 [76 Pac. 1116], concurring opinion of Chief Justice Beatty. [6] The appellant assigns as error the instruction of the court advising members of the jury that their duties require them to consider the right of the people of the state to have the laws properly executed, and that "unless you do your duty, laws may as well be stricken from the statute books." The identical instruction was approved by the supreme court in *People v. Wolff*, 182 Cal. 728, 739 [190 Pac. 22].

Judgment and order affirmed.

Langdon, P. J., and Sturtevant, J., concurred.