[Crim. No. 1212. Second Appellate District, Division One.—August 10, 1925.]

THE PEOPLE, Respondent, v. RAY SWAAR, Appellant.

[1] CRIMINAL LAW—EMBEZZLEMENT—PLEADING—SUFFICIENCY OF INFORMATION.—In this prosecution for the crime of embezzlement, the information set forth in reasonably clear and concise language the essential elements of the crime, and defendant could not have been materially prejudiced by any of the alleged deficiencies of which he complained.

[2] ID.—MISAPPROPRIATION OF BONDS—EVIDENCE—VERDICT.—In such prosecution, the testimony of the complaining witness having shown that the bonds charged to have been embezzled were entrusted to defendant for a certain definite purpose, and not given, or the title thereto transferred, to defendant as claimed by the latter, and the evidence having shown that defendant, without right and fraudulently, converted them to his own use, the jury was justified in finding a verdict of guilty.

[3] ID.—REFUSAL OF INSTRUCTIONS.—In such prosecution it was not error to refuse certain instructions requested by defendant where the subject matter of such instructions was fully covered by other instructions given by the court, or they did not contain a correct statement of the law as applied to the facts of the case, or, although correctly stating the law, they were upon such collateral matters, or upon matters of such slight materiality, that their refusal by the court could not have worked any serious prejudice to defendant's rights.

---

(1) 20 C. J., p. 486, n. 60.    (2) 20 C. J., p. 486, n. 60.    (3) 16 C. J., p. 1042, n. 17, p. 1063, n. 85, p. 1066, n. 89.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

William M. Morse, Jr., for Appellant.

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy Attorney-General, and John L. Flynn for Respondent.

CURTIS, J.—Defendant was convicted of the crime of embezzlement and appeals from the judgment and order denying his motion for a new trial. [1] He first questions the sufficiency of the information upon which he was placed on trial. While the information may· be subject to some of the defects claimed for it by appellant, we are of the opinion that it sets forth in reasonably clear and concise language the essential elements of the crime of embezzlement. We are unable to perceive how appellant could have been materially prejudiced by any of the alleged deficiencies in said information, even assuming that they are as glaring as appellant claims them to be.

[2] It is next claimed that the evidence was not sufficient to justify the verdict. Particular stress is laid by appellant upon the receipt given by him for the bonds with which he is charged with embezzling. He insists that this receipt clearly shows that the bonds were delivered to him by the

owner and complaining witness for the purpose of enabling him to raise money with which he could procure an oil lease, and that he and the complaining witness were to share equally in the profits of such investment. If the evidence in the case substantiated appellant's claim that the receipt showed the true and correct terms and conditions under which the bonds had been delivered to him, we might concede the force of appellant's arguments. The receipt was written by appellant himself, some days after the bonds had been delivered to him. The complaining witness was appellant's father-in-law, and testified that he read the receipt to the best of his ability, but that he could not read all the writing, as he was a poor scholar. He further testified that the sole purpose for which the bonds were delivered to appellant was in order that the latter could use them to show his good faith in negotiating for an oil lease, and that the bonds were to be returned to him in their original form, upon the completion of said negotiations—if the lease was consummated, or if appellant failed in his endeavor to secure a lease—in either event, the bonds were to be returned intact to him, the owner. While this testimony of the complaining witness was contradicted by that of his daughter, the wife of appellant (the appellant himself was not a witness in the case) the jury evidently accepted the version of the transaction given by the complaining witness. His testimony was sufficient to show that the bonds were simply entrusted to the defendant for a certain and definite purpose, and not given, or the title thereto transferred, to appellant as claimed by the latter. The evidence further shows that the bonds, three in number, and of the par value of $2,500, were hypothecated by appellant with a bank as security for the personal obligations of appellant, and that one of said bonds, of the value of $1,000, had never been recovered at the time of the trial, which evidence would tend to prove that appellant, after the bonds had been entrusted to him, without right and fraudulently converted them to his own use. The evidence on the whole was, in our opinion, sufficient to justify the verdict against the appellant.

[3] Appellant assigns as error the ruling of the court in refusing to give certain instructions, nine in number, proposed by him. The subject matter of some of these proposed

instructions was fully covered by other instructions given by the court. Others of said refused instructions did not contain a correct statement of the law as applied to the facts in this case, while still others, although correctly stating the law, were upon such collateral matters, or upon matters of such slight materiality, that their refusal by the court could not have worked any serious prejudice to appellant's rights. A detailed consideration of each of these proposed instructions and the reasons which justified the court in refusing to give them, is not necessary, nor would any useful purpose be served by setting forth the same in detail.

Appellant also makes objection to two of the instructions given by the court at the request of the prosecution. One of these instructions was evidently taken *verbatim* from an instruction given and approved in the cases of' *People* v. *Wolff*, 182 Cal. 728 [190 Pac. 22], and *People* v. *Ramey*, 70 Cal. App. 92 [232 Pac. 724]. The objection to the other, that it is not justified by the evidence, is equally untenable.

The judgment and order denying motion for a new trial is affirmed.

Conrey, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 8, 1925.

All the Justices concurred.